## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JULIE BEGAYE,**

       Plaintiff,

vs.                                          Civ. No. 06-975 JH/ACT

**MICHAEL J. ASTRUE,[1]
Commissioner of Social Security
Administration,**

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[2]

    **THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss[3] filed December 22, 2006.  Docket No. 4.  As grounds for his Motion to Dismiss Defendant asserts that Plaintiff did not timely file her Complaint.  Upon review of the pleadings and the pertinent law, the Court finds that Defendant's Motion is well taken and should be granted.

---

[1]Effective February 1, 2007, pursuant to Fed.R.Civ.P. 25(d)(1), Michael Astrue, Commissioner of Social Security Administration, is substituted for Jo Anne B. Barnhart as the defendant in this action.  No further action need to be taken to continue this suit by reason of the last sentence of S 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]An order of reference was filed on May 30, 2006.  Docket No. 20.

[3]As the Court will consider documents outside the pleadings, Defendant's Motion to Dismiss will be converted to a motion for summary judgment. *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10 Cir.2004)(the court can convert a motion to dismiss to a motion for summary judgment without notice, when the opposing party has responded by filing its own affidavits)

Procedural History.

1.     Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act which was denied by an Administrative Law Judge on April 27, 2006.  Memorandum in Support of Defendant's Motion to Dismiss, Exhibit A, Declaration of Joan Devera ("Exh. A") at 15. On July 26, 2006, by letter entitled "Notice of Appeals Council Action," the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's denial of her claim for disability insurance benefits.  *Id*. at 19. The Notice of Appeals Council Action specifically stated the following:

**Time to File a Civil Action**

.     You have 60 days to file a civil action (ask for court review).

.     The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

*Id.* (emphasis in original.)

2.     Plaintiff filed her civil action in the United States District Court for the District of New Mexico on October 10, 2006.  [Doc. 1.]

Law.

3.     Judicial review of final decisions of claims arising under Title II of the Social Security Act is provided for and limited by sections 205(g) and (h) of the Social Security Act..

The relevant provisions of section 205(g) and (h) state:

(g)  Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice or within such further time as the Commissioner may allow...

(h)  The findings and decision of the Commissioner after a hearing shall be binding upon

all individuals who are parties to such hearing.  No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

4.      The sixty day filing period is a statute of limitations and not a jurisdictional bar. However, as it is a condition to the waiver of sovereign immunity, the sixty day filing requirement is strictly construed. *Leslie v. Bowen*, 695 F. Supp. 504, 505 (D. Kan. 1988) *citing Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

5.      The date of receipt is presumed to be five days after the date on the notice, unless there is reasonable showing to the contrary.  20 C.F.R. §§  404.901 and 422.210(c).   These regulations establish a "rebuttable presumption that receipt of notice occurs within '5 days after the date of such notice' unless the plaintiff makes a reasonable showing to the contrary." *Leslie v. Bowen*, 695 F. Supp. 504, 505 (D. Kan. 1988) citing *Thibodeaux by Thibodeaux v. Bowen,* 819 F.2d 76, 79 n. 1 (5th Cir. 1987), *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984), *Worthy v. Heckler,* 611 F. Supp. 271, 273 (W.D.N.Y. 1985).  "If plaintiff successfully rebuts this presumption, the Secretary then has the burden to show plaintiff received actual notice under the regulations." *Id. citing McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987).

Discussion.

6.      Under 20 C.F.R. § 422.210(c) (266), Plaintiff had to file her complaint within sixty days after she received the Appeals Council's notice of denial of Plaintiff's request for review. The date of receipt is presumed to be five days after the date on the notice, unless Plaintiff makes a reasonable showing to the contrary.  20 C.F.R. § 422.210(c).  The Appeals notice was dated and mailed on July 26, 2006.  Exh. A at 19.  Thus, Plaintiff is presumed to have received the

3

notice on July 31, 2006.  To meet the statute of limitations, Plaintiff needed to file her complaint on or before September 29, 2006.  However, Plaintiff did not file her complaint until October 10, 2006.

7.    To rebut the 5-day presumption, Plaintiff offers the affidavit of Chad Begaye, her son, in which he states that he received the notice at Plaintiff's address on August 10, 2005, without  further elaboration or explanation.  Plaintiff's Response at Exh. A.  The affidavit of Chad Begaye does not rebut the presumption.  As the United States District Court in Kansas noted in *Leslie*, conclusory allegations, even in the form of affidavits, are insufficient to rebut the presumption.  *Leslie*, 695 F. Supp. at 506; McCall, 832 F.2d at 864 ("Otherwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision."); *Gossett v. Barnhart*, 139 Fed. Appx 24, 26 (10th Cir. 2005) ("Conclusory allegations are insufficient to raise a genuine issue of material fact.")  Other jurisdictions have held that conclusory allegations of receipt after the five-day period, are insufficient to constitute a "reasonable showing" sufficient to rebut the presumption.  *Reed v. Barnhar*t, 2005 WL 757862 (D.Me. 2005); *Roberts v. Shalala,* 848 F. Supp. 1008, 1016-17 (M.D.Ga. 1994).

8.    In addition, as in *Leslie,* Plaintiff" has not "offered any explanation for the late receipt or the lack of any evidence to support his affidavit."  *Leslie*, 695 F. Supp. at 506. And, assuming Plaintiff did receive the notice on August 10, 2006, this allowed the Plaintiff, 50 days to file a timely complaint.  If Plaintiff needed an extension of time, she could have sought an extension from the Appeals Council.

9.    As the Court finds that Plaintiff's response and offered affidavit do not constitute a

4

"reasonable showing," the Court need not address Plaintiff's argument that the date she actually received the notice was the date she read the notice, not when it was delivered to her home.

10.     Finally, the Court finds that Plaintiff does not present any facts that could sustain equitable tolling.  Equitable tolling is applied only in compelling circumstances.  *Bowen v. City of New York*, 476 U.S. 467, 482 (1986) ("Federal courts have typically extended equitable relief only sparingly. We have [however] allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.") Equitable tolling has also been applied when there is an allegation of mental impairment.  *Lindsey v. Chater,* 1996 WL 509635 at *2 (D. Kan. 1996).  In this matter, there is no evidence in the record of any circumstances which would have prevented Plaintiff from filing her Complaint timely.  As such, the Court does not find any basis to apply the principle of equitable tolling.

For all the foregoing reasons, the Court will recommend that Plaintiff's Complaint be dismissed with prejudice.

## RECOMMENDED DISPOSITION

I recommend finding that Plaintiff failed to file a timely complaint and her Complaint should be dismissed with prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to § 646(b)(1)(C), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court, 333

5

Lomas, N.W., Albuquerque, New Mexico 87102.  A party must file any objections within the ten

day period allowed if that party wants to have appellate review of the proposed findings and

recommended disposition.  If no objections are filed, no appellate review will be allowed.

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**